UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE RICHARDSON-WARD, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:07CV1171 JCH |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Antoinette Richardson-Ward's Amended Motion for Attorney's Fees, pursuant to the Equal Access to Justice Act ("EAJA"), filed May 1, 2009. (Doc. No. 43). Antoinette Richardson-Ward is a "prevailing party" under the EAJA because she obtained a remand and reversal of her case.[1] In her motion, Plaintiff requests an award of attorney's fees in the amount of $10,703.10, made payable to Gateway Legal Services, Inc., and an award of costs in the amount of $339.32, made payable to The Law Office of Steve Wolf, LC. In support of Plaintiff's request, Plaintiff submitted an itemized statement of time spent and costs incurred by her attorneys in the proceeding before the trial court and Eighth Circuit Court of Appeals. See Plaintiff's Exhibits 1 and 2. (Doc. Nos. 43-2, 43-3).

Defendant objected to Plaintiff's request because he claims that Plaintiff's fee request is not "reasonable." (Response to Plaintiff's Amended Motion for Attorney Fees ("Response"), Doc. No. 44). Defendant claims that 60.4 hours is an excessive amount of time for which to seek reimbursement, particularly because no novel legal issues were involved. Defendant takes specific

---

[1] By Order and Judgement, dated February 10, 2009, this Court remanded this case to the United States District Court for the Eastern District of Missouri with direction to reverse and remand to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g).

issue with the 4.4 hours that Plaintiff's counsel spent on clerical duties, such as preparing and mailing copies of the brief and appendix. Defendant also requests that the Court characterize the $339.32 spent for mailing and copying as "expenses" reimbursable under the Judgment Fund.

Plaintiff's counsel claims that the fee request is reasonable because counsel had to research at least one novel issue of law (the distinction between "deduction overpayments" and "entitlement overpayments") and because this case was litigated before the district court and the Eighth Circuit. (Plaintiff Antoinette Richardson-Ward's Reply to Defendant's Response to Plaintiff's Amended Motion for Attorney Fees ("Reply"), Doc. No. 45). Plaintiff's counsel , Steve Wolf, asserts that he prepared the appeal documents for filing because he is a solo-practitioner with no staff. Mr. Wolf asserts that he used an outside copying service for the clerical duties but he had to oversee the process, including document compilation. Plaintiff does not dispute that the expenses should be compensable under the EAJA and not a "cost" out of the Treasury Fund.

A. Attorney Fees

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court may award reasonable attorney's fees and expenses to the prevailing party in any civil action brought against any official of the United States acting in his or her official capacity "unless the court finds that the position of the United States was substantially justified." The EAJA further requires an attorney seeking fees to submit "an itemized statement…stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). "In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." <u>Barnes</u>

v. Astrue, No. 07-2141, 2009 U.S. Dist. LEXIS 26705, at *4 (W.D. Ark. Mar. 17, 2009) (citing Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)).

Plaintiff's counsel has requested an hourly rate of $170.25 per hour.[2] Attorney's fees may not be awarded in excess of $ 125.00 per hour unless the court finds that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). "The decision to increase the hourly rate is at the discretion of the district court." Hoffman v. Astrue, No. 07-5183, 2008 U.S. Dist. LEXIS 93287, at *5 (W.D. Ark. Nov. 10, 2008) (citing McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989)). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify" a rate in excess of the statutory rate under § 2412(d)(2)(A). Plaintiff's counsel, Michael Ferry asserts that he is entitled to a cost of living adjustment and supports his calculation with figures obtained from the Department of Labor website. (Doc. No. 43-2, p. 2). Defendant does not oppose this hourly rate. Under the circumstances, the Court finds this hourly rate ($170.25) to be reasonable.

The Court finds that all of the hours requested are not compensable, and Plaintiff should not receive all of her requested fee award. As noted by Defendant, Plaintiff seeks reimbursement for several items that are primarily clerical and not compensated under the EAJA. See Granville House, Inc. v. Department of HEW, No. 85-5395, 1987 U.S. App. LEXIS 18348, at *8 (8th Cir. Mar. 6, 1987) (work which could have been completed by support staff is not compensable under the EAJA). Plaintiff's counsel seeks 5.0 attorney hours on December 26-30, 2008 for preparing copies from the record of pages for use in the addendum and numbering pages (1.3), preparing copies from the record

---

[2]Defendant erroneously refers to the requested hourly rate as $171.25 per hour. See Doc. No. 44, p. 2.

for use in a separate appendix and numbering pages (1.4), conferencing with the binder regarding binding the brief, appendix and administrative record and reviewing bound copies from binder (0.6), packing copies of brief, appendix and administrative record for filing and service, preparing mailing label for same, and conferencing with the postal clerk regarding mailing of same (1.2), preparing, labeling and scanning CD-ROM of brief for Court of Appeals. (Doc. No. 43-2). The Court holds that this time is not properly compensable attorney time because this work could have been completed by support staff. See Granville House, Inc., 1987 U.S. App. LEXIS 18348, at *8. The Court deducts 5.0 hours from the total number of compensable hours sought.

Further, the Court believes that Plaintiff's counsel spent an inordinate amount of time preparing and reviewing routine orders. Plaintiff's counsel seeks 0.4 hour on November 9, 2008 for preparing and filing his entry of appearance with the Eighth Circuit Court of Appeals. Similarly, Plaintiff's counsel seeks 0.1 hour on November 17, 2008 for receiving and reviewing opposing counsel's entry of appearance. Plaintiff's counsel also seeks 0.6 hours on February 10, 2009 for receipt and review of the Mandate and Judgment from the District Court and Court of Appeals.[3] The Court finds that the time spent on these routine filings could have been done by support staff or took an excessive amount of time and is not compensable. The Court deducts another 1.1 hours from the total number of compensable hours sought.

The Court awards attorney's fees in the amount of $ 9,664.57 made payable to Gateway Legal Services, Inc. See Passmore v. Astrue, Case No. 06-3225, 2009 U.S. Dist. LEXIS 30248, at *3 (W.D. Mo. Apr. 6, 2009) (awarding $ 9,442.08 in fees, plus $ 215.80 in costs); Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008) (attorney fee award can be paid directly to plaintiff's counsel).

---

[3]Notably, the Judgment and Mandate from the Court of Appeals are both single page documents consisting of only a single sentence per document. (See Doc. Nos. 40-41).

B. Costs

Plaintiff also seek costs in the amount of $339.32 made payable directly to The Law Office of Steve Wolf, LC. Defendant requests that any reimbursement for mailing or printing should be considered an expense compensable under the EAJA, pursuant to 28 U.S.C. §2412(c)(1), and not ordered to be paid out of the Treasury Fund. (Doc. No. 44, p. 3). Plaintiff does not object to this request. (Reply, ¶ 5). The Court orders an award of Plaintiff's expenses in the amount of $339.32 made payable directly to The Law Office of Steve Wolf, LC.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (Doc. No. 43) is **GRANTED,** in part and **DENIED**, in part.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security shall pay EAJA attorney fees in the amount of $ 9,664.57, and that the award shall be made payable to Gateway Legal Services, Inc.

**IT IS FURTHER ORDERED** that an award of Plaintiff's expenses in the amount of $339.32 made payable directly to The Law Office of Steve Wolf, LC.

Dated this 9th day of June, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE